UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

IRVING J. MARQUEZ,

      Plaintiff,

vs.                                                  11-CV-838 JAP/WDS

BOARD OF COUNTY COMMISSIONERS
EDDY COUNTY,
VICTOR E. MARTINEZ, JR.,
DARREN JONES,
ERNEST J. MENDOZA in his individual capacity as the
Sheriff of the Eddy County Sheriff's Department,
RUTH ANN WALKER,
SHAWN FUNK in his individual capacity and in his
official capacity as acting Warden of the Eddy County
Detention Center,
SAL REY SALCIDO, and
DANETTE MARTINEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT (Doc. No. 5)

In DEFENDANTS' MOTION TO DISMISS (Doc. No. 5) (Motion), Defendants the Board of County Commissioners of Eddy County, Eddy County Sheriff Ernest J. Mendoza, and Eddy County Detention Center Warden Shawn Funk and Ruth Ann Walker, RN (RN Walker) (together, Defendants) have asked the Court to dismiss five of the eight counts in the COMPLAINT TO RECOVER DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS AND STATE TORT CLAIMS (Doc. No. 1) (Complaint). On November 21, 2011, Plaintiff filed his FIRST AMENDED COMPLAINT TO RECOVER DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS AND STATE TORT CLAIMS (Doc. No. 20) (Amended Complaint). In the

Amended Complaint, Plaintiff Irving J. Marquez (Plaintiff) claims that under 42 U.S.C. § 1983 and under the New Mexico Tort Claims Act (NMTCA) NMSA 1978 §§ 41-4-1 – 41-4-30, Defendants Board of County Commissioners of Eddy County, Victor E. Martinez, Jr., Darren Jones, Ruth Ann Walker, Sal Rey Salcido, and Dannette Martinez s are liable for violations of Plaintiff's civil rights during a detention and arrest.

It is well settled that an amended complaint supersedes the original complaint. *Miller v. Glantz*, 948 F.2d 1562, 1564- 65 (10th Cir. 1991. And, the filing of an amended complaint moots a motion to dismiss directed at the superceded complaint. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1383 (10th Cir. 1997) (recognizing that filing of amended complaint renders moot a previous Rule 12 motion). Hence, due to the filing of the Amended Complaint, the Motion is now moot. *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (an amended complaint "'renders the original complaint without legal effect.'") (citation omitted).

IT IS ORDERED that DEFENDANTS' MOTION TO DISMISS (Doc. No. 5) is denied as moot.

_____
SENIOR UNITED STATES DISTRICT JUDGE