IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IRVING J. MARQUEZ,

       Plaintiff,

vs.                                            CIV 11-0838 JAP/KBM

BOARD OF COUNTY COMMISSIONERS
EDDY COUNTY,
VICTOR E. MARTINEZ, JR.,
DARREN JONES,
RUTH ANN WALKER,
SAL REY SALCIDO, and
DANETTE MARTINEZ,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Board of County Commissioners of Eddy County's Second Motion to Compel Discovery (*Doc. 105*). Following a hearing on Defendant's First and Second Motions to Compel, the Court ordered the parties to supplement their briefing with regard to whether social media content is private and relevant.  (*Doc. 125*).  Having reviewed the supplemental briefs *(Docs. 129 & 132)*, the Court will grant the motion in part as to that issue.

This case arises under 42 U.S.C § 1983 and the New Mexico Tort Claims Act from allegations of the deprivation of Plaintiff's constitutional rights by Defendants. Plaintiff alleges that he was deprived of adequate medical care when he was taken into custody by Defendant police officers for suspected driving under the influence. Unbeknownst to either Plaintiff or Defendants, Plaintiff was suffering from West Nile Virus.  Only after Plaintiff was booked into the Eddie County Detention Center did

Defendants realize that Plaintiff was in need of medical assistance, and he was then transported to the hospital for diagnosis and treatment.

In Defendant's Second Motion to Compel, Defendants complained that Plaintiff improperly objected to and failed to provide the content of his social media posts as requested in Request for Production Nos. 18 and 19.  Plaintiff originally denied that he participated in social media, but now admits that he has accounts on Facebook and MySpace.   Although Plaintiff's settings originally permitted anyone access to his positions, Plaintiff modified them to now only be viewable by persons he designates as "friends."  Defendants have also discovered an Instagram account.

1.      <u>The Stored Communications Act does not preclude disclosure</u>

Plaintiff argues against disclosure, citing cases interpreting the Stored Communications Act ("SCA"), 18 U.S. C. § 2701(a)(1).  The SCA is designed to prevent "'providers' of communication services from divulging private communications to certain entities and individuals,"  creating "a set of Fourth Amendment-like privacy protections by statute, regulating the relationship between government investigators and service providers in possession of users' private information."  *See Crispin v. Christian Audigier, Inc.,* 717 F. Supp. 2d 965, 971-72 (C.D. Cal. 2010); *Quon v. Arch Wireless Operating Co.*, 529 F.3d 892, 900 (9th Cir. 2008) *rev'd and remanded sub nom. City of Ontario, Cal. v. Quon*, 560 U.S. 746 (2010).  For example, the SCA prevents the government from simply issuing a subpoena to Facebook to obtain personal information about a customer or subscriber.  Here, Defendants seek information directly from Plaintiff, who happens to be a customer/subscriber of social media websites, through the civil

discovery process.  Simply put, the SCA and cases interpreting that statute are inapplicable.

## 2. <u>Plaintiff's Social Media Content: Relevance and Asserted Privacy Concerns</u>

Courts within the Tenth Circuit generally do not consider social media content as "private."  As Judge Browning from this District observed, "only the most ignorant or gullible think what they post on the internet is or remains private."  *Tapia v. City of Albuquerque*, CIV 13-0206 JB/GBW, 2014 WL 1285647 (D.N.M. Mar. 31, 2014) (unpublished) (citing *United States v. Meregildo*, 883 F. Supp.2d 523, 526 (S.D.N.Y.2012) (a person who posts to his Facebook profile has "no justifiable expectation that his 'friends' would keep his profile private")); *see also, E.E.O.C. v. Original Honeybaked Ham Co. of Georgia*, No. 11-CV-02560-MSK-MEH, 2012 WL 5430974, *2 (D. Colo. 2012) (unpublished) ("storing such information on Facebook and making it accessible to others presents an even stronger case for production, at least as it concerns any privacy objection").

Social media discovery requests are analyzed the same way as other discovery requests, under the relevancy standards of Fed. R. Civ. P. 26, which, of course, are quite broad.  *See, e.g., Smith v. Hillshire Brands*, 13-2605-CM, 2014 WL 2804188. *4, *6 (D. Kan. June 20, 2014) (unpublished) (not requiring disclosure of <u>all</u> social networking activity, but only content that is relevant to plaintiff's claims, including that which "reveals plaintiff's emotions or mental state" and the causes of that emotional state); *Fox v. Transam Leasing, Inc.*, 12-2706-CM-GLR, 2013 WL 5276111, *2 (D. Kan. Sept. 18, 2013) (unpublished) (where plaintiffs offered no evidence to support their objection that the requested social media lacked relevant information, the court ordered

3

full production or, in the alternative, disclosure of limited information identified by the court as relevant).

In *Held v. Ferrellgas, Inc.*, 10-2393-EFM, 2011 WL 3896513 (D. Kan. Aug. 31, 2011) (unpublished), District Judge Melgren required limited disclosure of the plaintiff's Facebook information and compelled disclosure only of Facebook information related to any job searches the plaintiff had undertaken during the relevant time period.  Judge Melgren expressly noted that the defendant there was "not seeking unfettered or unlimited access to Plaintiff's Facebook, but rather limited access during the relevant time frame."  *Id.*  Moreover, the defendant in the *Held* case agreed to "to mitigate Plaintiff's privacy concerns by allowing Plaintiff to download and produce the information himself, rather than providing login information."  *Id.*

In a case such as the one before the Court now, however, where the plaintiff alleges physical, mental, and emotional injuries, "the scope of discovery is particularly broad."  *Moore v. Miller*, No. 10-CV-651-JLK, 2013 WL 2456114, *2 (D. Colo. June 6, 2013) (unpublished).  In the *Moore* case, Senior District Judge Kane observed that the plaintiff there had "chosen to share his version of events online often and in many different forums, including detailed and specific descriptions of what he alleges happened to him."  *Id.* at *2.  Judge Kane therefore completely rejected the plaintiff's contention that his <u>entire</u> Facebook history was irrelevant and ordered it to be produced. *Id.*  He further found that production of the Facebook activity pursuant to a standard confidentiality order to "adequately address any privacy concern the parties may have." *Id.*

Plaintiff cites *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387 (E.D. Mich. 2012) for the proposition that content on social media sites when it is restricted from public view should be afforded greater protection.  However, the court in *Tompkins* "agree[d] that material posted on a 'private' Facebook page, that is accessible to a selected group of recipients but not available for viewing by the general public, is generally not privileged, nor is it protected by common law or civil law notions of privacy."  *Id.*, 278 F.R.D. at 388.  The court found, however, that the defendant failed to establish that the social media information requested was relevant to the issues in that case and did not require disclosure.  *Id*.

Plaintiff also contends that disclosure would interfere with the privacy of third-parties.  Yet there is no expectation of privacy to comments made on another person's post or posts made on another person's page.  *See McMillen v. Hummingbird Speedway, Inc.*, 2010 WL 4403285 (Pa. Com. Pl. Sept. 9,  2010) (unpublished) (describing how the content on Facebook and My Space is used, shared and distributed such that no user has an expectation of privacy);  *Romano v. Steelcase Inc.*, 30 Misc. 3d 426, 907 N.Y.S.2d 650 (Sup. Ct. 2010) (same).  Additionally, entry of a protective order, to which Defendants agree, would adequately protect third-parties from any potential embarrassment.

**2.**     **Plaintiff's Social Media Content is Calculated to Lead to Relevant Evidence**

Defendants adequately establish that the content of Plaintiff's Facebook page has led to information regarding his physical and mental state as well as his income and other relevant information not provided by Plaintiff in discovery.  There is no doubt the content of  Plaintiff's Facebook account, and possibly his Instagram and My Space

5

accounts, is sufficiently related to the issues in this case, including Plaintiff's credibility. Further, the scope of the request, while quite broad, is not the proverbial "fishing expedition."  As the district court in Colorado put it, "these waters have already been tested, and they show that further effort will likely be fruitful."  *Original Honeybaked Ham*, 2012 WL 5430974 at *2.

Wherefore,

**IT IS ORDERED** that Defendants' Second Motion to Compel the production of the documents sought in Request for Production Nos. 18 and 19 is granted.   Plaintiff shall supplement his responses on or before Friday, January 23, 2015, pursuant to an agreed-upon confidentiality order.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

6